**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DEBORAH A. MORALES,**

                      **Plaintiff,**                       5:06-CV-0899
      vs.                                                    (NAM)(GJD)

**NYS DEPARTMENT OF LABOR**
**DIVISION OF EMPLOYEE SERVICES, and**
**CNY WORKS, Inc.**

                      **Defendants.**
_____

**APPEARANCES**                                 **OF COUNSEL:**

Deborah L. Morales
*Plaintiff Pro Se*

Andrew M. Cuomo                             Steven H. Schwartz, Esq.
Attorney General of the State of New York
Office of the Attorney General
The Capitol
Albany, New York 12224
*Attorney for Defendant NYS Department of Labor*

Bond, Schoeneck, & King, PLLC            Patrick V. Melfi, Esq.
One Lincoln Center
Syracuse, New York 13202
*Attorney for Defendant CNY Works, Inc.*

**Norman A. Mordue, Chief United States District Judge:**

**MEMORANDUM DECISION AND ORDER**

**I.    INTRODUCTION**

    *Pro se* Plaintiff Deborah L. Morales brings this action against Defendants NYS

Department of Labor, Division of Employment Services ("DOL" or the "Department") and CNY

Works, Inc. ("CNY") alleging employment discrimination and retaliation pursuant to Title VII of

the Civil Rights Act of 1964, as amended ("Title VII"). *See 42 U.S.C. § 2000e et seq.* Defendant

DOL moves to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(4), (5), and (6) on the grounds that Ms. Morales neglected to serve DOL with process as required by Rule 4(m) and failed to bring her action within the time period set forth in Title VII. (Dkt. No. 5.) The Department also moves to dismiss this action pursuant to Rule 12(b)(1), alleging that Ms. Morales does not have standing to bring this action, thereby depriving the Court of jurisdiction. (Id.) The Court, having carefully considered the Department's motion papers and the plaintiff's amended opposition, grants DOL's motion to dismiss as it pertains to Ms. Morales's lack of standing to bring a claim for national origin discrimination, and denies the remainder of DOL's motion to dismiss.

## II.   BACKGROUND

For purposes of this motion to dismiss, the allegations in the complaint are assumed to be true. *See Easton v. Sundram*, 947 F.2d 1011, 1014-1015 (2d Cir. 1991). Ms. Morales has been employed by DOL since February 2000, and currently holds a position as a "Labor Services Representative" for Spanish-speaking individuals. (Dkt. No. 1, p. 9.) Although the Department is her actual employer, Ms. Morales works at the offices of CNY, a "one stop employment service," in Syracuse, New York. (Id.) Her duties include "advocating for [Spanish] speaking customers." (Id.)

On April 17, 2006, Ms. Morales formally filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC" or the "Commission"). (Id.) She alleged that DOL and its associate, Defendant CNY, committed multiple violations of Title VII, including unequal terms and conditions of employment, harassment, and retaliatory actions based upon the plaintiff's advocacy for customers of Hispanic origin. (Id.) The EEOC mailed a letter to Ms. Morales on April 24, 2006, informing her that the Commission had dismissed her charges of

2

discrimination as untimely.  (Dkt. No. 1, p. 8.)  This "right to sue" letter also notified the plaintiff that she could appeal the Commission's final determination by filing an action against the defendants in federal court within ninety days of receiving the letter.  (Id.)

Ms. Morales commenced this action against the Department and CNY on July 24, 2006. (Dkt. No. 1.)  Her complaint alleges two causes of action: (1) for national origin discrimination against persons from Mexico, Cuba, Puerto Rico, Colombia, the Dominican Republic, Honduras, and Ecuador; and (2) for retaliation against the plaintiff stemming from her objections to the discriminatory treatment of Hispanic customers.  (Id.)  Ms. Morales simultaneously filed an application to proceed *in forma pauperis*, which the Court granted on September 19, 2006.  (Dkt. Nos. 2 and 3.)  The Clerk's Office issued a summons to each of the defendants on September 19, 2006 and forwarded the documents, along with copies of the complaint, to the U.S. Marshal for service.

The Marshal successfully served Defendant CNY with process on January 12, 2007, and CNY filed its answer on February 12, 2007.  (Dkt. Nos. 6 and 8.)  Defendant DOL did not file or serve an answer to the complaint.  Instead, on January 12, 2007, DOL filed the instant motion to dismiss, alleging that it was never properly served with process, that the plaintiff's claims were untimely, and that Ms. Morales lacked standing to bring this action.  (Dkt. No. 5.)

### III. DISCUSSION

#### A. Legal Standard

When evaluating a Rule 12 motion to dismiss, the Court is required to accept the factual allegations contained in the complaint as true.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993).  The Court must also draw all reasonable inferences in favor of the non-movant.  *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d

205, 216 (2d Cir. 2004). Ultimately, the issue for the Court on a motion to dismiss "is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleading that a recovery is very remote and unlikely, but that is not the test." *Branham v. Meachum*, 77 F.3d 626, 628 (2d Cir. 1996) (quotations and citations omitted); *see also Romandette v. Weetabix Co., Inc*., 807 F.2d 309, 312 (2d Cir. 1986) (stating "dismissal is a harsh remedy to be utilized only in extreme situations.").

The pleadings of a *pro se* litigant should be "construed liberally." *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that a *pro se* plaintiff's pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers."). When reviewing such pleadings, the Court must use "a lenient eye, allowing borderline cases to proceed." *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998). Moreover, *pro se* pleadings should be interpreted as raising "the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

**B.     Standing**

Where a defendant moves for dismissal under Rule 12(b)(1), in addition to other grounds, the Court must address the Rule 12(b)(1) challenge first, because "if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *United States ex. rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1156 (2d Cir. 1993) (citation omitted). DOL argues that the complaint should be dismissed pursuant to Rule 12(b)(1) because Ms. Morales lacks standing to assert a cause of action for national origin discrimination on behalf of persons originating from Mexico, Cuba, Puerto Rico, Colombia, the Dominican Republic, Honduras, and Ecuador (persons of

"Hispanic origin"). (Dkt. No. 5.) The Court finds that Ms. Morales does not have standing to bring a claim for national origin discrimination on behalf of these Hispanic customers, thereby depriving the Court of jurisdiction over her first cause of action.

An individual plaintiff must "meet the prerequisites of numerosity, commonality, typicality, and adequacy of representation," as specified in Rule 23(a), in order to bring a cause of action on behalf of a protected group. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982). The Supreme Court has stated that a "class representative must be part of the class and possess the same interest and suffer the same injury" as the class members. *Id.* Thus, a plaintiff only has standing to assert a claim on behalf of class members to whom she is similarly situated.

Ms. Morales's individual claims and injuries are inconsistent with those of the protected class of customers. *See Bermudez v. TRC Holdings, Inc*., 138 F.3d 1176, 1180 (7th Cir. 1998) (holding that white female employee was not entitled to enforce the rights of black employment agency customers subjected to racial discrimination). She alleges that the defendants discriminated against Hispanic customers by denying or limiting their access to employment resources and services funded by the federal government. In contrast, Ms. Morales claims that the defendants retaliated against her for her role in protesting this treatment of Hispanic customers. She contends that, rather than denying her access to employment services and resources, the defendants subjected her to disciplinary proceedings, refused to provide her with training, and otherwise maintained unequal terms and conditions of employment.

Ms. Morales cannot represent the claims of the Hispanic customers under Rule 23, because she, as an employee and victim of retaliation, is not similarly situated to the customers at issue, who were allegedly discriminated against based on their national origin. Moreover, there is nothing in the complaint from which to infer that Ms. Morales is a member of the protected group

whose Title VII rights she asserts. *See Shah v. Barrett*, 2001 U.S. Dist. LEXIS 13393, at *15 (S.D.N.Y. 2001) (dismissing plaintiff's claim for national origin discrimination where plaintiff failed to allege his national origin in the complaint, "[b]ecause such allegation is necessary to show membership in a protected class for the purpose of his prima facie case."). Therefore, the plaintiff's first cause of action, alleging national origin discrimination on behalf of such customers, is dismissed as to both defendants.

### C.   Service of Summons and Complaint

Defendant DOL next contends that the plaintiff's action should be dismissed because she failed to timely effect service as required by Federal Rule of Civil Procedure 4(m). *See* Fed. R. Civ. P. 12(b)(5). Consequently, the Court must determine whether Ms. Morales's failure to effect service in a timely manner was excused due to good cause and, if not, whether the remaining cause of action should therefore be dismissed. For the reasons discussed below, the Court finds that there was good cause for Plaintiff's failure to serve DOL in a timely manner, and therefore denies the Department's Rule 12(b)(5) motion to dismiss.

Federal Rule of Civil Procedure 4(m) specifies that a plaintiff must serve the defendants with process within 120 days after filing a complaint. Failure to effect proper service within 120 days of commencing the action usually warrants dismissal of that defendant from the action. Fed. R. Civ. P. 4(m). However, a court must grant additional time to complete service if the plaintiff demonstrates good cause for failing to serve the defendant within the 120-day period. *Id.; see also Blessinger v. United States*, 174 F.R.D. 29, 31 (E.D.N.Y. 1997) (holding that where "the plaintiff has shown good cause, the extension is mandatory."). Furthermore, it is within the discretion of the district court to extend this deadline "even if there is no good cause shown." *Henderson v. United States*, 517 U.S. 654, 662-663 (1996).

Ms. Morales commenced the instant action on July 24, 2006. Pursuant to the time guidelines set forth in Rule 4(m), a plaintiff would normally be required to effect service on or before November 21, 2006 in order to be considered timely. Therefore, based solely upon the dates at issue, Ms. Morales did not serve her complaint on the defendants within the required time period.

However, the Advisory Committee Notes for Rule 4(m) state that courts should "take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." Fed. R. Civ. P. 4, advisory committee notes (1993 Amendments, Subdivision (m)). Second Circuit district courts have consequently held that "the time to effect service should be tolled while an *in forma pauperis* motion is pending- at least where . . . the motion is granted." *Kavazanjian v. Rice*, 2005 U.S. Dist. LEXIS 13653, at *6 (E.D.N.Y. 2005) (citation omitted); *see also Gonzalez v. L'Oreal USA, Inc*., 2007 U.S. Dist. LEXIS 38369, at *3-4 (N.D.N.Y. 2007). Therefore, the 120 day service period did not commence until September 19, 2006, when the Court granted Ms. Morales permission to proceed *in forma pauperis*.

In its September 19th Order, the Court appointed the U.S. Marshals Service to effect service of the summons and complaint. (Dkt. No. 3.) *See* Fed. R. Civ. P. 4(c)(2). Yet, DOL maintains that it was never properly served, regardless of the extended deadline obtained through Ms. Morales's application to proceed *in forma pauperis*. (Dkt. No. 5.) Therefore, the Court must determine whether the plaintiff has demonstrated good cause for her failure to effect timely service.

A *pro se* litigant proceeding *in forma pauperis*, like Ms. Morales, is entitled to rely upon the U.S. Marshals to effect service. *See* Fed. R. Civ. P. 4(c)(2)(B)(i); *Romandette*, 807 F.2d at 311 (reversing dismissal where the U.S. Marshals failed to effect timely personal service through

7

no fault of the plaintiff). In addition, the Second Circuit has stated that a plaintiff's *in forma pauperis* status "shift[s] responsibility for serving the complaint from [the plaintiff] to the Court." *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996); *see also Kavazanjian v. Rice*, 2005 U.S. Dist. LEXIS 13653, at *2 (E.D.N.Y. 2005) (holding that "[f]or plaintiffs proceeding in forma pauperis . . ., the Marshal's Office – not the plaintiff – is primarily responsible for effecting service."). The failure of the U.S. Marshals to properly effect service of process constitutes "good cause" within the meaning of Rule 4(m). *Stoenescu v. Jablonsky*, 162 F.R.D. 268, 270 (S.D.N.Y. 1995).

Ms. Morales relied on the U.S. Marshals to serve DOL, as evidenced by her timely request that the Marshals effect personal service. (Dkt. No. 6.) Though she did not provide the Marshals with the proper address for service upon DOL, Ms. Morales clearly and correctly identified the party to be served. *See Ruddock v. Reno*, 104 Fed. Appx. 204, 206-7 (2d Cir. 2004) (holding that, where the plaintiff "provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect timely service constitutes good cause within the meaning of Rule 4(m)."). Moreover, the plaintiff was not required to do "everything in [her] power to effect personal service" in order to excuse her failure to meet the required deadlines. *Jaiyeola v. Carrier Corp.*, 73 Fed. Appx. 492, 494 (2d Cir. 2003). Thus, Ms. Morales's reliance upon the Marshals and efforts to serve DOL were "neither so unreasonable nor so careless as to defeat good cause." *Jaiyeola v. Carrier Corp.*, 2007 U.S. Dist. LEXIS 30901, at *7 (N.D.N.Y. 2007).

In addition to the plaintiff's actions, the Court should consider the potential prejudice to the defendant when evaluating a motion to dismiss for failure to timely serve. *Jackson v. Foley*, 156 F.R.D. 545, 547 (E.D.N.Y. 1994). Here, DOL has admitted that it received the summons and complaint from the U.S. Marshals Service in its Syracuse office on December 14, 2006. (Dkt.

No. 5-5.) DOL has further asserted that these documents were forwarded to Counsel's Office in Albany and to the Attorney General's Office soon after their receipt in Syracuse. (Id.) Thus, Defendant DOL had actual notice of this lawsuit in December of 2006, well before the 120 day service period expired.

The Second Circuit has stated that Rule 4 of the Federal Rules is to be construed liberally to further the purpose of finding personal jurisdiction in cases where the party has received actual notice. *Romandette*, 807 F. 2d at 311. Defendant DOL had actual notice of Ms. Morales's complaint well within the 120 day service period, and therefore was not prejudiced by the failure to effect proper service. In addition, Ms. Morales demonstrated that her failure to serve DOL before the Rule 4(m) deadline was based upon her reasonable reliance upon the U.S. Marshals to effect service. For these reasons, the Court concludes that there was good cause for the plaintiff's failure to properly serve DOL before the 120 day service deadline, and therefore denies DOL's Rule 12(b)(5) motion to dismiss. Furthermore, in the interests of justice and in light of the required liberal interpretation of Rule 4, the Court deems service of process complete due to DOL's actual notice of this litigation and receipt of the summons and complaint through its Syracuse office.

### D.     Failure to Properly Serve Governmental Agency

The Department of Labor further asserts that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5) because the plaintiff failed to fulfill the requirements for service of a governmental defendant. The Court has already denied DOL's 12(b)(5) motion to dismiss for failure to effect timely service of process; consequently, it will not be further addressed herein. Moreover, DOL fails to substantiate its allegations that the substance of Ms. Morales's summons and complaint were inadequate. Therefore, the Department's Rule

9

12(b)(4) motion to dismiss for failure to effect proper process is denied.

Defendant DOL contends that the plaintiff has failed to effectuate proper process pursuant to the requirements of Rule 4. *See* Fed. R. Civ. P. 12(b)(4) (under which a motion to dismiss challenges the sufficiency of the process itself, as opposed to service of process). Objections to sufficiency of process must be specific and point out the manner in which the plaintiff has failed to satisfy the requirements of the relevant service provision. *King v. Best Western Country Inn*, 138 F.R.D. 39, 43 (S.D.N.Y. 1991). However, DOL does not identify any substantive insufficiencies in the summons or complaint, nor does DOL dispute that the documents were in their proper form. *See U.S. Fire Ins. Co. v. Jesco Construction Corp.*, 3002 U.S. Dist. LEXIS 12459 (S.D.N.Y. 2003) (holding that the defendant's claim of insufficient process under 12(b)(4) failed because the summons and complaint were in their proper form and satisfied the requirements of Rule 4). Consequently, DOL's claim of insufficient process cannot succeed, and the Court denies its Rule 12(b)(4) motion to dismiss.

**E.     Timeliness of Plaintiff's Claims**

Finally, DOL argues that the complaint should be dismissed because Ms. Morales's claims fail to comply with the time requirements set forth in 42 U.S.C. 2000e-5(e). The Department contends that, because of the plaintiff's alleged untimely filing, she did not exhaust the available administrative remedies. Thus, DOL concludes, the plaintiff's failure to exhaust the administrative remedies has deprived the Court of subject matter jurisdiction.

The defendant accurately recites the well-established principle that "when a plaintiff fails to file a timely charge with the EEOC, the claim is time barred." *Butts v. City of New York Dep't of Housing Preservation & Development*, 900 F.2d 1397, 1401 (2d Cir. 1993). To pursue an action under Title VII in New York State, a plaintiff must first exhaust her administrative

10

remedies by asserting those claims with the EEOC or the equivalent state agency within 300 days of the allegedly discriminatory action. 42 U.S.C. § 2000e-5(e).  Moreover, although charges of discrimination may be filed by mail, the timeliness of such a filing is determined by the date on which the charge is received by the Commission. 29 C.F.R. § 1601.13(a) (1978); *see also, e.g., Johnson v. Host Enterprise, Inc*., 470 F. Supp. 381, 383 (E.D. Pa. 1979) (dismissing a Title VII claim as untimely where plaintiff mailed his charge in a timely fashion, but it was not received by the EEOC until after the expiration of the statutory filing period).

However, the Supreme Court has unambiguously stated that the "filing of a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc*., 455 U.S. 385, 393 (1982); *see Paese v. Hartford Life Accident Ins. Co.*, 449 F.3d 435, 444 (2d Cir. 2006).  Consequently, Rule 12(b)(1), which provides for dismissal due to lack of subject matter jurisdiction, does not apply to DOL's motion. *See Holowecki v. Federal Express Corp*., 440 F.3d 558, 565 (2d Cir. 2006).  The Court will instead address the defendant's allegation of untimely filing as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Id*.; *see also Gharley v. St. John's Queens Hosp*., 869 F.2d 160, 162 (2d Cir. 1989) (holding "[s]uch a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted . . .").

When evaluating the sufficiency of a plaintiff's claim for Rule 12(b)(6) purposes, a court is limited to the factual allegations in the complaint, which are accepted as true, the documents attached to the complaint as an exhibit or incorporated into it by reference, and to documents in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing the action. *Brass v. American Film Technologies, Inc*., 987 F.2d 142, 150 (2d Cir. 1993); *see also*

11

*Gharley*, 869 F. 2d at 162 (stating that factual allegations in briefs or memoranda may not be considered in connection with a 12(b)(6) motion to dismiss). The Court must draw all reasonable inferences in favor of the plaintiff, particularly where, as here, the plaintiff has submitted her complaint *pro se*. *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998) (holding that "[t]his rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se.")*; see also Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006). Thus, a "short and plain" complaint is sufficient to maintain an action, provided it puts the defendants on notice of the claims against them. Fed. R. Civ. P. 8(a); *see also Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) (stating that, particularly where *pro se* litigants are concerned, "the Rules do not require a plaintiff to plead the legal theory, facts, or elements underlying his claim.").

The Commission received the plaintiff's formal charge of discrimination against the defendants on April 17, 2006. The charge form indicated that the most recent act of discrimination had taken place on May 26, 2005, when Ms. Morales received a "notice of discipline" from DOL. Thus, it appears from the face of the document that Ms. Morales filed her charge 327 days after the most recent discriminatory act, thereby barring this action as untimely. The Commission accordingly dismissed the plaintiff's charge because it "was not timely filed" in a notice dated April 24, 2006.

The EEOC's findings of untimeliness are generally entitled to great weight; however, the Commission's determination on this issue is not binding upon the Court. *Weise v. Syracuse University*, 522 F.2d 397, 412 (2d Cir. 1975) (finding that a contrary holding would "make meaningless the right to sue after dismissal by the Commission."). Therefore, the plaintiff's arguments regarding the timeliness of her claim merit consideration. Ms. Morales states that she

first contacted the EEOC in January of 2006, and that her allegations of discrimination were therefore timely. According to the plaintiff, her initial complaint to the Commission "was mailed to and received by the EEOC in the middle of January of 2006 . . . ." (Dkt. No. 21.) In addition, the plaintiff argues that the acts of retaliation outlined in her EEOC charge were ongoing, and thus were not barred by time limitations.

According to administrative regulations, any written charge of discrimination "sufficiently precise to identify the parties, and to describe generally the action or practices complained of" is enough to invoke EEOC jurisdiction. 29 C.F.R. § 1601.12(b). Subsequent amendments may contain any necessary elaboration, and serve as an acceptable cure for technical defects. These amendments relate back to the original filing date, provided they are "directly related to or growing out of the subject matter of the original charge." 29 C.F.R. § 1601.12(b). Therefore, provided the substantive requirements were met, many courts have held that a claim was timely where a plaintiff filed an informal document with the EEOC prior to the expiration of the filing period, and later submitted a formal charge after the limitations period had expired. *See, e.g., Thompson v. Federal Reserve Bank of New York*, 242 F. Supp. 2d 368, 371 (S.D.N.Y. 2003) (finding that the plaintiff's timely filed "intake questionnaire", which was signed by the plaintiff under penalty of perjury, constituted a charge of discrimination under Title VII).

The Supreme Court recently addressed this issue in *Edelman v. Lynchburg College*, 535 U.S. 106 (2002). In *Edelman*, the claimant faxed a letter to the EEOC, within the 300 day limitations period, complaining that his employer had discriminated against him. Although the EEOC informed the claimant that "a charge of discrimination must be filed within the time limits imposed by law," he failed to submit a formal charge until after the expiration of the 300 day period. *Edelman*, 535 U.S. at 108. The Supreme Court reversed the district court's dismissal of

the action, holding that the untimely filed charge could relate back to the timely filed letter, and remanded the case for a determination of whether the letter was sufficient to qualify as a "charge" under Title VII. *Id.* at 119.

Like the plaintiff in *Edelman*, Ms. Morales claims to have submitted an informal letter of complaint against the defendants to the EEOC during January of 2006, prior to the expiration of the filing period. If this letter contained information sufficient to qualify as a "charge" under Title VII, the untimely formal charge could relate back to the timely filed letter and, as a result, the plaintiff's formal charge would have been timely. Therefore dismissal for failure to file a timely administrative claim is improper at this time since it is possible that Ms. Morales could prove a set of facts that would entitle her to relief under Title VII.

Ms. Morales further argues that her formal charge of discrimination included information about continuing retaliatory actions taken by her employer after May 26, 2005. The complaint specifies that the defendants subjected Ms. Morales to "long term and continuous" retaliation, including "disciplinary proceedings, harassment, denial of training, and unequal terms and conditions of employment." The plaintiff's formal EEOC charge is consistent with the complaint, as it alleges that the defendants retaliated against her with different terms and conditions of employment, disciplinary actions, and "numerous interrogations . . . with the most recent scheduled on [or] about December 23, 2005." (Dkt. No. 1, p. 9.) If this is the case, any discrete acts committed after June 21, 2005 are timely as to the plaintiff's retaliation claims, and would not be barred by the limitations period.

Although the complaint revealed possible defects related to the timely filing requirement, there exists an equally possible likelihood that Ms. Morales can raise factual setoffs to DOL's

14

affirmative defense. Accordingly, DOL's motion to dismiss for failure to file a timely administrative claim is denied.

## IV.   CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the Department's motion to dismiss for lack of standing to the extent that it pertains to the plaintiff's first cause of action for national origin discrimination is Granted, and it is further

ORDERED that the first cause of action against both defendants is Dismissed; and it is further

ORDERED that the Department's motion to dismiss the complaint based on untimely service is Denied; and it is further

ORDERED that the Department's motion to dismiss the complaint based upon improper process is Denied; and it is further

ORDERED that the Department's motion to dismiss the plaintiff's claims as untimely is Denied; and it is further

ORDERED that defendants' file an answer within 10 days, pursuant to Rule 12 of the Federal Rules of Civil Procedures, and it is further

ORDERED that counsel contact Magistrate Judge Gustave J. DiBianco's chambers to schedule a Rule 16 conference.

IT IS SO ORDERED.

Dated   September 27, 2007
         Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge