UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEBORAH L. MORALES

                              **Plaintiff,**

   vs.                                                        06-CV-899
                                                                        (MAD)

NEW YORK STATE DEPARTMENT OF
LABOR,

                              **Defendant.**
_____

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

     The trial of this action is scheduled to commence on July 9, 2012. Presently before the Court are the parties' motions *in limine*.

### DISCUSSION

     The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. U.S.*, 469 U.S. 38, 40 n. 2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) ("[t]he purpose of an *in limine* motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial'.") "A motion *in limine* to preclude evidence asks the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Blazina v. Port Auth. of New York and New Jersey*, 2008 WL 4539484, at *1 (S.D.N.Y. 2008). As the disputes regarding the admissibility of evidence are made outside the context of the trial, the Court's rulings on the motions *in limine* are, "subject to

change when the case unfolds, particularly if the actual testimony differs from what was expected". *Levitant v. City of New York Human Res. Admin*., 2011 WL 795050, at *1 (E.D.N.Y. 2011) (quoting *Luce*, 469 U.S. at 41 ("[o]wing to its preliminary nature, an *in limine* ruling, 'is subject to change when the case unfolds'".)

The Court addresses the parties' multiple requests for relief seriatim.

## DISCUSSION

**I.     Plaintiff's Motion to Preclude Evidence Relating to Workers' Compensation Claim**

Plaintiff claims, "[t]here is no dispute between the parties that the worker's compensation claim was never resolved." However, plaintiff argues that "defendant's documents refer to the existence of the claim" and therefore, plaintiff moves to preclude, "any reference in testimony or trial exhibits to worker's compensation claim".

Generally, evidence of workers' compensation payments should not be presented to the jury. *Bey v. City of New York*, 2012 WL 34223, at *1 (S.D.N.Y. 2012) ("the decision whether or not to deduct unemployment benefits from a Title VII back pay award rests in the sound discretion of the district court"); *see also Rorrer v. Cleveland Steel Container Corp*., 2012 WL 138756, *24 (E.D.Pa. 2012). However, there are instances where other evidence relating to a worker's compensation claim is clearly relevant. *See Layman v. Alloway Stamping & Mach. Co., Inc*., 98 F. App'x 369 (6th Cir. 2004) (In an ADA case, trial court did not abuse its discretion by denying employee's motion *in limine* seeking to exclude all evidence of his workers' compensation claim following hand injury, including evidence that employer had provided compensation during his rehabilitation in amount greater than that required by state law; evidence was clearly relevant to employee's claim that employer intended to discriminate against him because of his disability); *see also Corley v. Louisiana ex rel. Div. of Admin*., 2011 WL 4916455,

at *3 (M.D.La. 2011) (it is possible that evidence related to the plaintiff's workers' compensation claims could be relevant to the plaintiff's remaining retaliation claim and/or the issue of damages).

At this juncture, the Court is hindered in any effort to rule on evidentiary questions outside a factual context. *See Luce*, 469 U.S. at 41; *see also Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 299 (S.D.N.Y. 2009) (it is difficult to determine whether testimony will be cumulative or irrelevant before it is actually proffered); *see also TVT Records v. Island Def Jam Music Group*, 250 F.Supp.2d 341, 346 (S.D.N.Y. 2003) ("the Court is unable in the absence of context to conclude categorically that such evidence is not relevant to matters presented by this case, nor can it assess its probity").  "The Court is unwilling to speculate, pretrial, as to what statements any witness will or will not make during trial." *Picciano*, 2010 WL 4366999, at *5.  Therefore, on a motion *in limine*, the prudent course of action is to deny the motion, leaving to the parties to object when the other party attempts to introduce some specific evidence on this subject at the trial. *See Corley*, 2011 WL 4916455, at *3.  Plaintiff's request to completely exclude all evidence relating to plaintiff's workers' compensation claim at this time, is denied.

## II.     Adverse Inference Charge

In plaintiff's trial brief, she indicates her intention to seek an adverse inference charge due to alleged spoliation with respect to a file from the Inspector General's office.  Defendant intends to object to any such charge.  At this juncture, plaintiff has not requested such a charge and has not provided competent evidence supporting such a charge.  Rather, plaintiff discusses what she "intends" to prove at the time of trial and what she "expects" the evidence to establish with respect to the file.  Thus, the Court reserves ruling on this issue.

## III.    Defendant's Motion to Preclude June 15, 2012 Testimony of Dr. Michael Lax

3

Plaintiff characterized the June 15, 2012 deposition of Dr. Lax as a *De Bene Esse* Videotaped Deposition. "The Federal Rules of Civil Procedure make no distinction for use of a deposition at trial between one taken for discovery purposes and one taken for use at trial (*de bene esse*)." *George v. Ford Motor Co.*, 2007 WL 2398806, 11 -13 (S.D.N.Y. 2007) (citing *Tatman v. Collins*, 938 F.2d 509, 510 (4th Cir.1991)); *see also U.S. v. IBM Corp.*, 90 F.R.D. 377, 381 & n. 7 (S.D.N.Y.1981). Depositions of either type may be used at trial if the witness is unavailable. *George*, 2007 WL 2398806, at *11-13 (citing Fed.R.Civ.P. 32(a)(3)). A *de bene esse* deposition is a substitute for live testimony at trial, and is conducted under trial rules of evidence rather than as a discovery deposition. *Id*.

The cases in this District addressing the issue of whether *de bene esse* depositions are subject to discovery scheduling orders are in conflict. *Kingsway Fin. Serv., Inc. v. Pricewaterhouse-Coopers LLP,* 2008 WL 5423316, at *2 (S.D.N.Y. 2008) (the authorities on both sides of the issue are supported by precedent, thus, the court allowed the parties to conduct *de bene esse* depositions after the discovery deadline due to the lack of clear guidance on the issue). "When a party opposes a trial deposition scheduled after the close of discovery . . .[t]he court should consider a variety of factors in making this determination, including the unavailability of the witness for trial, the potential for prejudice to the opposing party, and whether the deposing party knew the information the potential witness would testify to prior to the deposition." *Estate of Gee ex rel. Beeman v. Bloomington Hosp. and Health Care Sys., Inc.*, 2012 WL 729269, at *6 -7 (S.D.Ind. 2012) (citation omitted) Special emphasis should be placed on the potential for prejudice. *Id*.

Some district courts have held that in instances where a *de bene esse* deposition is also the second deposition of a witness, leave of court is required pursuant to Federal Rule 30. *See Landis*

4

*v. Galarneau*, 2010 WL 446445 (E.D.Mich. 2010) . In *Landis*, the plaintiff filed a motion to have the court strike the notices of deposition to take the *de bene esse* depositions of two witnesses. The court observed that because one of the witnesses had already been deposed, the defendant was required to move for leave of court to take a second deposition, even though the second deposition was being taken to preserve the trial testimony of an unavailable witness. *Id*. at *3. However, other courts have held that even if that rule applies, a party may not be required to seek leave of court if defendant had sufficient notice of the trial deposition, yet took no action to ensure that the deposition was not conducted. *Marmelshtein v. City of Southfield*, 2010 WL 4226667, 2 -4  (E.D. Mich. 2010).

In this case, defendant does not cite to any caselaw in support of it's motion to preclude Dr. Lax's videotaped trial testimony.  While plaintiff did not seek leave of court to conduct the *de bene esse* deposition, there is no Second Circuit decision requiring plaintiff to do so.  Defendant stipulated that Dr. Lax was unavailable for trial.  Based upon the record of correspondence and emails, plaintiff's counsel promptly notified defense counsel of the doctor's unavailability and made several clear attempts to obtain a mutually convenient date for the attorneys to conduct the videotaped deposition. Defendant is unable to establish that it will suffer prejudice if the Court permits plaintiff to introduce Dr. Lax's videotaped testimony.  Further, defendant knew the sum and substance of the information that Dr. Lax would provide prior to the *de bene esse* deposition because he was previously deposed.

Accordingly, plaintiff may introduce Dr. Lax's testimony subject to objections. Defendant shall submit any objections to Dr. Lax's trial testimony to the Court by 10:00 a.m. on July 5, 2012.

**IV.    Defendant's Motion to Preclude Plaintiff From Introducing Evidence of Prior Complaints**

5

Defendant previously moved for summary judgment and dismissal of plaintiff's complaint. In the prior Memorandum-Decision and Order, Judge Mordue granted defendant's motion with respect to plaintiff's intentional discrimination claim. Defendant also moved to dismiss plaintiff's Title VII retaliation claims related to actions taken before July 25, 2006. The Court denied defendant's motion, "only insofar as it seeks judgment on acts taken between February 14, 2006 and July 24, 2006".

Now, defendant seeks to preclude "evidence of plaintiff's complaints about services provided to Limited English Proficient customers at CNY works". Defendant argues the complaints should be excluded pursuant to Fed. R. Evid. 403 and based upon Judge Mordue's prior MDO. Plaintiff opposes defendant's motion and seeks to introduce "background evidence" related to her complaints of discrimination based on her association with Hispanic customers. Specifically, plaintiff seeks to introduce evidence of complaints made prior to February 16, 2006 including complaints in November 2005, December 2005 and January 24, 2006.

Rule 403 of the Federal Rules of Evidence provides that, "all relevant evidence is admissible, except as otherwise provided". Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". *See* Fed. R. Evid. 401. With these rules in mind, this Court finds that any testimony or evidence about plaintiff's previously dismissed discrimination claim is excluded. *See Hazma v. New York City Health and Hosp. Corp.*, 2011 WL 6187078, at *7 (S.D.N.Y. 2001) (on the defendant's motion in limine, the Court excluded evidence of the previously dismissed national origin discrimination claim). Further, plaintiff is prohibited from introducing any evidence relating to any complaints made prior to February 16, 2006. Judge Mordue's prior Order narrowed the scope of plaintiff's retaliation

6

claim to protected activities that occurred on or after February 16, 2006. *See Levitant v. City of N.Y. Human Resources Admin.,* 2011 WL 795050, at *3 (E.D.N.Y. 2011) (the prior order limited the protected activities upon which the plaintiff could base a retaliation claim). The cases cited by plaintiff in support of her claim that, "this type of background information [is] routinely [] presented in retaliation claims" are readily distinguishable. The cases do not involve previously dismissed causes of action and are procedurally dissimilar. *See Chopra v. Gen. Elec. Co.*, 527 F.Supp.2d 230 (D.Conn 2007) (on post-trial motions, the defendant objected to evidence after failing to contemporaneously object at trial motions for summary judgment).

Plaintiff will be permitted to introduce evidence and testimony relating to complaints made on or after February 16, 2006 in an attempt to establish her "good faith belief" that she was being discriminated. However, the probative value of any evidence/testimony relating to complaints made prior to February 16, 2006, which the Court previously determined were not "protected activities", is outweighed by the prejudicial effect and potential for juror confusion. Accordingly, defendant's motion is granted.

**V.     Defendant's Motion to Preclude Plaintiff from Introducing Evidence of Lost Wages After August 2009**

Defendant argues that plaintiff failed to mitigate her damages and therefore, the Court should preclude plaintiff from offering any evidence of lost wages after August 2009. Plaintiff opposes this request and contends that she diligently sought comparative work following her alleged retaliatory constructive discharge.

The question of whether plaintiff properly mitigated her damages is a question for the jury. *Simmons v. Dean Witter Reynolds, Inc*., 1999 WL 825663, at *4 (S.D.N.Y. 1999) (the Court held there were triable issues of fact as to whether the plaintiff actively sought comparable employment after termination); *see also Grassi v. New York Life Ins. Co.,* 1992 WL 249936, at

\*11 (S.D.N.Y. 1992) (the defense of failure to mitigate damages is best left until the plaintiffs have introduced evidence with respect to damages at trial); *see also Cooper v. New York State Nurses Ass'n,* 2012 WL 913080, at \*13 (E.D.N.Y. 2012) (the court could not find as a matter of law that the plaintiff has failed to meet her burden to mitigate her damages but permitted the defendants to renew their application at the appropriate point during the trial).  For the reasons set forth in Part I, defendant's motion is denied with leave to renew at trial.

**VI.  Additional Requests for Relief**

Both parties present additional arguments and requests for preclusion of evidence in their oppositions to the respective motions *in limine*.  These requests are not proper as they are untimely and further, the opposing parties have not had an opportunity to respond to the respective requests.  As the trial is scheduled to commence in less than one week, the Court will not allow the parties to present additional briefing on these issues.  In defendant's opposition to plaintiff's motion *in limine*, defendant moves to preclude the proposed deposition testimony of CNY Works employee Alvaro Valencia.  Defendant argues, "it is presumed that Mr. Valencia's testimony will include a statement by him that CNY Works did not service Spanish speakers who did not speak English".  In plaintiff's opposition to defendant's motion *in limine*, plaintiff moves to preclude any evidence of disciplinary action against plaintiff prior to October 2005.   Plaintiff argues that the evidence is not relevant to the defense that DOL had a legitimate, non-retaliatory reason for terminating plaintiff.

For the reasons set forth in Part I, these requests are denied.  The Court cannot make a ruling on the admissibility of the aforementioned witness and/or evidence at this time and will rule on the admissibility of "specific offerings of evidence and testimony" at trial.  *See Hazma*,

2011 WL 6187078, at *9 (the Court deferred ruling on the admissibility of the plaintiff's prior positive employment evaluations).

## CONCLUSION

**It is hereby**

**ORDERED**, that plaintiff's motion *in limine* (Dkt. No. 117) to preclude evidence relating to plaintiff's workers' compensation claim is **DENIED WITH LEAVE TO RENEW**; it is further

**ORDERED**, that defendant's motion *in limine* to preclude plaintiff from introducing Dr. Lax's trial testimony (Dkt. No. 108) is **DENIED**; it is further

**ORDERED**, that defendant's motion *in limine* (Dkt. No 108) for an order precluding plaintiff from introducing evidence of plaintiff's complaints prior to February 16, 2006 is **GRANTED**; it is further

**ORDERED**, that defendant's motion *in limine* for an order precluding plaintiff from introducing evidence of lost wages after August 2009 (Dkt. No. 108) is **DENIED WITH LEAVE TO RENEW**.

**IT IS SO ORDERED.**

Date4d:  July 3, 2012
          Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge